**MEMO ENDORSED**

LAW OFFICES OF
# FREEHILL HOGAN & MAHAR LLP
80 PINE STREET
NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900
FACSIMILE (212) 425-1901
E-MAIL reception@freehill.com
www.freehill.com

GEORGE B FREEHILL
WILLIAM L JUSKA, JR.
JAMES L. ROSS*
ERIC E LENCK
JOHN J. WALSH*
PATRICK J BONNER*
PETER J. GUTOWSKI
MARK F. MULLER
WAYNE D. MEEHAN*
DON P. MURNANE, JR.△
THOMAS M. RUSSO
THOMAS M. CANEVARI†
MICHAEL FERNANDEZ*
JOHN F KARPOUSIS*△
MICHAEL E. UNGER*†
WILLIAM J. PALLAS*
GINA M. VENEZIA△
LAWRENCE J. KAHN*
BARBARA G. CARNEVALE*
MANUEL A. MOLINA
JUSTIN T. NASTRO*
PAMELA L. SCHULTZ*†
DANIEL J. FITZGERALD*†△
MICHAEL C ELLIOTT*
JAN P. GISHOLT†

\* ALSO ADMITTED IN NEW JERSEY
† ALSO ADMITTED IN CONNECTICUT
△ ALSO ADMITTED IN WASHINGTON, D C
° ALSO ADMITTED IN LOUISIANA

NEW JERSEY OFFICE
850 BERGEN AVENUE
JERSEY CITY, NJ 07306
TELEPHONE (973) 623-5514
FACSIMILE (973) 623-3813

CONNECTICUT OFFICE
23 OLD KINGS HIGHWAY SOUTH
DARIEN, CT 06820-4538
TELEPHONE. (203) 921-1913
FACSIMILE (203) 358-8377

RECEIVED
OCT 19 2007
JUDGE KAPLAN'S CHAMBERS

October 18, 2007

Our Ref: 247-07/PJG

**By Hand**

Hon. Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1310
New York, NY 10007


USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/22/07

Re:   Americas Bulk Transport Ltd. v. Lion Shipholdings
      a/k/a Lion Shipholdings Liberia
      07 CV 3818 (LAK)

Dear Judge Kaplan,

We represent the Plaintiff in the captioned action and write in response to the Court's Order dated October 10, 2007 regarding the status of this matter and the reason why the action has not been further prosecuted.

By way of background, this action involves a maritime claim by the Plaintiff Americas Bulk Transport ("ABT") for breach of charter against Lion Shipholdings. Under the terms of the charter, the merits of the claim are subject to London arbitration. An attachment was sought under Rule B in aid of that arbitration to secure jurisdiction over the Defendant and to obtain security. The attachment successfully reached funds in the amount set forth in the Order of Attachment (i.e. $167,325.81). Notice of the attachment was promptly provided to the defendant, they retained Turkish counsel, and we subsequently provided the Defendant (via counsel) copies of the pleadings.

NYDOCS1/292069.1

October 18, 2007
Page 2

   The matter has since moved forward on the merits in London arbitration - the Plaintiff ABT having filed its claim submissions with the panel, and the Defendant's submissions were recently filed as well.

   Insofar as the funds under restraint in New York are concerned, the Defendants have confirmed that the transfers restrained represent an asset of Lion Shipholdings and as far as we know, there is no intention or basis upon which to challenge the attachment.

   Under the foregoing circumstances, we have made an inquiry with the Defendants as to whether they would be agreeable to transfer the funds to the London solicitors to abide the London arbitration, or alternatively, place them in an interest-bearing account in New York while the case in London goes forward. To the extent the Defendant declines to move the funds to London, we would respectfully submit that the action in New York should be maintained, perhaps on the suspense calendar, so that when the award in London is rendered, it can be reduced to a judgment here and execution can then be had against the funds. 9 USC §8 provides a predicate for this as it provides that in a situation involving an attachment, once an attachment is issued and the parties are otherwise proceeding with the arbitration on the merits, the Court should retain jurisdiction to later enter judgment on the award. However, to the extent the Defendant may consent to a transfer of the funds to London, it would obviate the need to maintain the action here and the case could be dismissed.

   Provided the Court has no objection, we would propose that we be given two weeks within which to review this with Defendant's counsel, and then report to the Court further on their response. In the event they consent to the transfer, we will arrange for the funds to be moved to London and the case then dismissed. Should the Defendants decline this alternative, however, we would then propose to submit to Your Honor an order directing the garnishee (Citibank) to place the funds into an interest-bearing account pending the outcome of the London arbitration and otherwise place the case on the suspense calendar while the arbitration progresses to conclusion.

   We apologize to the Court for not having provided a more timely update on the status of the case and look forward to hearing from the Court as to whether the foregoing proposal is acceptable.

Respectfully submitted,
FREEHILL HOGAN & MAHAR LLP

Peter J. Gutowski

PJG:mjg

NYDOCS1/292069 1

[Handwritten note: Action stayed pending need placed on suspense docket.]

SO ORDERED
FREEHILL, HOGAN & MAHAR LLP
10/19/07
LEWIS A. KAPLAN, USDJ